## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ASHLEY SPENCER STURGILL,

     Plaintiff,

-vs-                            CASE NO.

EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
and I.Q. DATA INTERNATIONAL,
INC.,

     Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, ASHLEY SPENCER STURGILL (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), and I.Q. DATA INTERNATIONAL, INC. (hereinafter "IQ Data") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq* and Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et seq*.

1

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.    This is an action for actual damages, statutory damages, compensatory damages, punitive damages, costs, and attorney's fees brought pursuant to the FDCPA.

3.    Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

4.    Consumer reporting agencies that create consumer reports, like Equifax and Experian, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

5.    When a consumer, like Plaintiff, disputes information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

2

6.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURSIDICATION, VENUE, AND PARTIES

7.     The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

8.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

9.     Venue is proper in this District as Equifax's principal address is in this District, Defendants transact business within this District, and violations described in this Complaint occurred in this District.

10.    Plaintiff is a natural person and resident of Winston-Salem County in the State of North Carolina. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

11.    Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

12.    Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and

disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

13.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

14.    Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S Culver Street, Lawrenceville, Georgia 30046.

15.    Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

16.    Experian disburses such consumer reports to third parties under contract for monetary compensation.

17.    IQ Data is a corporation with its principal place of business in the State of Washington and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

18.    IQ Data is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

4

19.     IQ Data is a "debt collector" as defined by 15 U.S.C. § 1692a(6). Upon information and belief, IQ Data is regularly engaged in the business of collecting or attempting to collect debts owed or due or asserted to be owed or due another.

20.     IQ Data furnished information about Plaintiff to Equifax and Experian that was inaccurate.

## FACTUAL ALLEGATIONS

21.     Plaintiff is alleged to owe a debt to IQ Data, partial account number ending x6806, as to a collection account on behalf of original credit Hudson Homes Management (hereinafter "IQ Data Account"). Plaintiff does not have an account with Hudson Homes Management and never applied or gave permission to anyone to apply using her information for the IQ Data Account.

22.     On or about January 4, 2024, Plaintiff observed a drop in her credit score of 112 points. Immediately, Plaintiff reviewed her credit reports and observed two (2) collection accounts.

23.     Shortly thereafter, Plaintiff contacted the collection company and was informed that her personal identifying information was used by someone with a Georgia driver's license.

24.     On or about January 27, 2024, Plaintiff received a letter from IQ Data seeking to collect a balance of $17,078.24.

25.    In or about January 2024, Plaintiff contacted Equifax and Experian to dispute the erroneous IQ Data Account.

26.    Plaintiff did not receive dispute results from Equifax. However, upon review of an updated Equifax credit report, Plaintiff observed the IQ Data Account continued to be reported with a comment which stated, "consumer disputes this account information".

27.    Equifax failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher.

28.    Equifax never attempted to contact Plaintiff during the alleged investigation.

29.    Upon information and belief, Equifax notified IQ Data of Plaintiff's dispute. However, IQ Data failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

30.    Plaintiff did not receive dispute results from Experian. However, upon review of an updated Experian credit report, Plaintiff observed the IQ Data Account continued to be reported with comments which stated, "account information disputed by consumer (meets FCRA)".

31.    Experian failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher.

32.     Experian never attempted to contact Plaintiff during the alleged investigation.

33.     Upon information and belief, Experian notified IQ Data of Plaintiff's dispute. However, IQ Data failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

34.     On or about February 23, 2024, Plaintiff obtained copies of her Equifax and Experian credit reports. Upon review, Plaintiff observed an address which did not belong to her. Further, the IQ Data Account continued to be reported with a balance of $17,146.

35.     On or about March 4, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 170111614. In this report, she explained that she was a victim of identity theft and that the IQ Data Account had been opened under her name and was listed in her credit reports.

36.     Due to the continued inaccurate reporting, on or about March 11, 2024, Plaintiff mailed detailed written dispute letters to Equifax and Experian. In the letter, Plaintiff explained she did not open or authorize the IQ Data Account, she did not owe the outstanding balance, and the IQ Data Account did not belong to her. In the letter, Plaintiff included an image of her driver's license as proof of identity. Plaintiff also included images of the erroneous reporting, images of the filed FTC Identity

Theft Report, images of the original rental agreement with her forged signature, images of the collection letter received, and other supporting documents.

37.     Plaintiff mailed her detailed dispute letters via USPS Certified Mail to Equifax (9505 5115 8584 4073 3867 66) and Experian (9505 5115 8584 4073 3867 42).

38.     On or about March 20, 2024, Plaintiff received dispute results from Experian which stated the erroneous IQ Data Account was deleted from her credit report.

39.     Despite confirmation of delivery on March 18, 2024, Plaintiff did not receive dispute results in the mail from Equifax. However, upon review of her updated Equifax credit report on or about April 16, 2024, Plaintiff observed the erroneous IQ Data Account was no longer appearing.

40.     IQ Data was attempting to collect from Plaintiff a debt that did not belong to her.

41.     IQ Data was attempted to collect a debt that was illegitimate.

42.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

      i.   Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

ii.   Loss of time attempting to cure the error;

iii.   Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life. Plaintiff is being physically affected by Defendants' reluctance to fix the error;

iv.   Reduction in credit score;

v.   Loss of the ability to benefit from lower interest rates; and

vi.   Apprehensiveness to apply for credit due to the fear of rejection.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b)
### as to Defendant, Equifax Information Services LLC (Negligent)

43.   Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-two (42) as if fully stated herein.

44.   Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

45.   Equifax allowed for a Furnisher to report inaccurate information on an account.

9

46. Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

47. As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

48. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

49. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, ASHLEY SPENCER STURGILL, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT II
**Violation of 15 U.S.C. § 1681e(b)**
**as to Defendant, Equifax Information Services LLC (Willful)**

50.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-two (42) as if fully stated herein.

51.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

52.     Equifax allowed for a Furnisher to report inaccurate information on an account.

53.     Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

54.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

55.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

56.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, ASHLEY SPENCER STURGILL, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT III
**Violation of 15 U.S.C. § 1681i**
**as to Defendant, Equifax Information Services LLC (Negligent)**

57.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-two (42) as if fully stated herein.

58.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

59.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief,

Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

60.    As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

61.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

62.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, ASHLEY SPENCER STURGILL, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT IV
### Violation of 15 U.S.C. § 1681i
### as to Defendant, Equifax Information Services LLC (Willful)

63.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-two (42) as if fully stated herein.

64.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

65.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

66.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

67.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

68.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, ASHLEY SPENCER STURGILL, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT V
### Violation of 15 U.S.C. § 1681e(b)
### as to Defendant, Experian Information Solutions, Inc. (Negligent)

69.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-two (42) as if fully stated herein.

70.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

71.     Experian allowed for a Furnisher to report inaccurate information on an account.

72.     Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

73.     As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

74.     The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

75.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, ASHLEY SPENCER STURGILL, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violation of 15 U.S.C. § 1681e(b)
### as to Defendant, Experian Information Solutions, Inc. (Willful)

76.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-two (42) as if fully stated herein.

77.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

78.     Experian allowed for a Furnisher to report inaccurate information on an account.

79.     Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

80.     As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

81.     The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

82.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, ASHLEY SPENCER STURGILL, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT VII
### Violation of 15 U.S.C. § 1681i
### as to Defendant, Experian Information Solutions, Inc. (Negligent)

83.    Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-two (42) as if fully stated herein.

84.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

85.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

86.    As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

87.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

88.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, ASHLEY SPENCER STURGILL, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

**COUNT VIII**
**Violation of 15 U.S.C. § 1681i**
**as to Defendant, Experian Information Solutions, Inc. (Willful)**

89.    Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-two (42) as if fully stated herein.

19

90.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

91.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

92.    As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

93.    The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

94.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, ASHLEY SPENCER STURGILL, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

**COUNT IX**
**Violation of 15 U.S.C. § 1681s-2(b)**
**as to Defendant, I.Q. Data International, Inc. (Negligent)**

95.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-two (42) as if fully stated herein.

96.     IQ Data furnished inaccurate account information to Equifax and Experian, and through those CRAs to all of Plaintiff's potential lenders.

97.     After receiving Plaintiff's disputes, IQ Data violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

98.     Plaintiff provided all the relevant information and documents necessary for IQ Data to have identified that the account was fraudulent.

99.    IQ Data did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to IQ Data by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

100.   IQ Data violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

101.   As a direct result of this conduct, action and/or inaction of IQ Data, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

102.   The conduct, action, and inaction of IQ Data was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

103.   Plaintiff is entitled to recover costs and attorney's fees from IQ Data in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE Plaintiff, ASHLEY SPENCER STURGILL, respectfully requests that this Court award actual damages against Defendant, I.Q. DATA INTERNATIONAL, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT X
### Violation of 15 U.S.C. § 1681s-2(b)
### as to Defendant, I.Q. Data International, Inc. (Willful)

104.   Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-two (42) as if fully stated herein.

105.   IQ Data furnished inaccurate account information to Equifax and Experian, and through those CRAs to all of Plaintiff's potential lenders.

106.   After receiving Plaintiff's disputes, IQ Data violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

107.   Plaintiff provided all the relevant information and documents necessary for IQ Data to have identified that the account was fraudulent.

108.   IQ Data did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to IQ Data by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

109.   IQ Data violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

110.   As a direct result of this conduct, action and/or inaction of IQ Data, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

111.   The conduct, action, and inaction of IQ Data was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

112.   Plaintiff is entitled to recover costs and attorney's fees from IQ Data in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE Plaintiff, ASHLEY SPENCER STURGILL, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, I.Q. DATA INTERNATIONAL, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT XI
**Violation of 15 U.S.C. § 1692f(1)**
**as to Defendant, I.Q. Data International, Inc.**

113.   Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-two (42) as if fully stated herein.

114.   IQ Data has repeatedly attempted to collect a debt from Plaintiff that it knew or had reason to know was illegitimate.

115.   IQ Data violated 15 U.S.C. § 1692f(1) by attempting to collect a debt not authorized by agreement or otherwise permitted by law.

116.   IQ Data had all the information it needed to determine that the debt did not belong to Plaintiff, yet repeatedly attempted to collect that debt regardless.

117.   As a result of the conduct, action and inaction of IQ Data, Plaintiff suffered from stress, anxiety, worry, fear, frustration, sleeplessness, nervousness, embarrassment, and humiliation, and the damages otherwise outlined in this Complaint. Plaintiff is in fear that the collection attempted by IQ Data will harm her credit reputation.

118.   Plaintiff is entitled to recover actual, statutory, compensatory, and punitive damages from IQ Data pursuant to the FDCPA.

119.   Plaintiff is entitled to recover reasonable attorney's fees and costs from IQ Data in the amount to be determined by the Court pursuant to the FDCPA.

WHEREFORE Plaintiff, ASHLEY SPENCER STURGILL, respectfully requests that this Court award actual, statutory, compensatory, and punitive damages against Defendant, I.Q. DATA INTERNATIONAL, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff, ASHLEY SPENCER STURGILL, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and I.Q. DATA INTERNATIONAL, INC., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 22nd day of April 2024.

Respectfully Submitted,

**_/s/ Octavio Gomez_**
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorneys for Plaintiff*